UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL GUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-353 (TFH) |
| | ) | |
| UNITED STATES SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, seeks to compel the disclosure of records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Defendant United States Secret Service has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56, on the basis that Plaintiff failed to exhaust his administrative remedies before filing suit. *See* Mot. to Dismiss or in the Alternative Mot. for Summ. J. [ECF No. 7]. For the reasons explained below, Defendant's motion will be granted.

**I. BACKGROUND**

In a FOIA request to the Secret Service dated May 3, 2016, Plaintiff sought essentially all records pertaining to himself. *See* Campbell Decl. Ex. 1 [ECF No. 7-1]. The Secret Service received Plaintiff's request on May 23, 2016, and acknowledged as much in a letter dated May 25, 2016. Campbell Decl. ¶ 5. The acknowledgment letter notified Plaintiff that "[a] search for files responsive to your request is being conducted" and about potential search and duplication charges. *Id*. at Ex. 2. In a letter dated July 5, 2016, the Secret Service informed Plaintiff that a

1

search was conducted and "any responsive records . . . have been located and forwarded . . . for review and a disclosure determination." Campbell Decl. Ex. 3. The letter, as did the initial letter, warned that there might be "some delay in processing" the request but that it was being processed "as expeditiously as possible." *Id*.

In a letter dated November 19, 2018, the Secret Service responded to Plaintiff's FOIA request by stating that "no records or documents" were available "at this time" because they were being withheld under FOIA Exemption 7(A), codified in 5 U.S.C. § 552(b). *Id*. Ex. 4. The letter informed Plaintiff of his right to appeal administratively within 90 days and the process for doing so. It further informed about alternative dispute resolution services but noted that pursuing that route "does not stop the 90-day appeal clock." *Id*. The Secret Service "has no record of having received nor adjudicated any administrative appeals by Plaintiff[.]" Campbell Decl. ¶ 8. Nor does it have any record or indication that any of the foregoing correspondence was returned to the Secret Service "as undeliverable." *Id*. ¶¶ 5, 6, 7. Plaintiff filed this civil action on February 8, 2019.

## II. LEGAL STANDARD

The Court's reliance on Defendant's declaration requires treatment of the Rule 12(b)(6) motion as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is warranted when the movant shows that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In a FOIA case, "it is now well established that summary judgment on the basis of . . . agency affidavits is warranted if the affidavits describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed

exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III.   DISCUSSION

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA "so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision."  *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).   Although a plaintiff's failure to exhaust does not deprive the court of subject matter jurisdiction, it "can be a substantive ground for rejecting a FOIA claim in litigation."  *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016).

Under FOIA, an agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply" and "immediately notify" the requester.   5 U.S.C. § 552(a)(6)(A)(i).   If "the agency fails to answer the request within twenty days," *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003), the requester "shall be deemed to have exhausted his administrative remedies," and he may proceed directly to a federal district court for relief, 5 U.S.C. § 552(a)(6)(c)(i).[1]   If, however, the agency "cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed," then "the requester must exhaust his administrative remedies before seeking judicial review."   *Oglesby*, 920 F.2d at 64.

---

[1] This is referred to in caselaw as "constructive" exhaustion.  *See, e.g.*, *Ogelsby*, 920 F.2d at 71 (characterizing 5 U.S.C. § 552(a)(6)(C) as the "constructive exhaustion provision of FOIA").

As already stated, the Secret Service responded to Plaintiff's FOIA request on November 19, 2018, which was 80 days *before* Plaintiff filed this lawsuit.  As a result, Plaintiff was required to exhaust his administrative remedies before seeking federal judicial review, notwithstanding whether the Secret Service initially failed to comply with FOIA's statutory deadline, as Plaintiff alleges, *see* Pl.'s Opp'n Br. 1–3 [ECF No. 10].  *See also Oglesby*, 920 F.2d at 64 (stating that "once the agency responds to the FOIA request, the requester must exhaust his administrative remedies before seeking judicial review" if the agency's response is made "before suit is filed"); *Flaherty v. President of U.S.*, 796 F. Supp. 2d 201, 208-09 (D.D.C. 2011), *aff'd sub nom. Flaherty v. I.R.S.*, 468 Fed. App'x 8 (D.C. Cir. 2012) (noting that the "right to judicial review based on constructive exhaustion ends . . . if an agency responds at any time before the requester files suit").

Because Plaintiff offered no facts to show that he exhausted the required administrative remedies, *see* Pl.'s Opp'n Br. 1–3, his federal lawsuit is premature, *see, e.g.*, *Khine v. United States Dep't of Homeland Sec.*, 334 F. Supp. 3d 324, 334 (D.D.C. 2018), *aff'd*, 943 F.3d 959 (D.C. Cir. 2019) ("[I]n typical FOIA cases, failure to exhaust administrative remedies operates as a 'jurisprudential doctrine' to bar premature judicial review when the purposes of exhaustion and the particular administrative scheme support such a bar." (quoting *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003))).  Accordingly, this case will be dismissed without prejudice.  *See Wilbur,* 355 F.3d at 676 (agreeing with the district court that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA," which "means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response")

(internal quotation marks and citation omitted); *Mitchell v. Samuels*, 160 F. Supp. 3d 8, 12, n.4 (D.D.C. 2016) ("The District of Columbia Circuit instructs that '[a] FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted' under Fed. R. Civ. P. 12(b)(6).") (quoting *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010)).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. A separate order accompanies this Memorandum Opinion.

_____s/_____
THOMAS F. HOGAN
United States District Judge

DATE:   February 5, 2020